1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  LEON BAILEY,                                    )
                                                   )  No.
9          Plaintiff,                              )
                                                   )  COMPLAINT FOR DAMAGES
10    vs.                                          )
                                                   )
11  Security Guard JOHN ROBINSON JR., in his       )
    individual capacity as security guard for Social )
12  Security Administration; SECURITAS             )
    SECURITY SERVICES USA, INC., a Delaware )
13  corporation; PARAGON SYSTEMS, INC., an         )
    Alabama corporation; Federal Protective Service )
14  Officer TERRY HOLZHAUSEN, in his               )
    individual capacity; Federal Protective Service )
15  Officer R. MOYER, in his individual capacity;  )
    and Federal Protective Service Officer O.      )
16  MEFFORD, in his individual capacity,           )
                                                   )
17         Defendants.                             )
                                                   )

18

19         COMES NOW Plaintiff Leon Bailey and alleges as follows:

20                              **JURISDICTION**

21         1.      This is a civil action brought pursuant to 42 U.S.C. §§1983 and 1988, the First,

22  Fourth, and Fourteenth Amendments to the United States Constitution, and *Bivens v. Six Unkown*

23  *Agents*, 403 U.S. 388 (1971).  This Court has subject matter jurisdiction pursuant to 28 U.S.C.

COMPLAINT FOR DAMAGES - 1

PREMIER LAW GROUP PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington  98121
(206) 285-1743 / Fax: (206) 599-6316

§§1331, 1343, and 1346(b), and *Bivens v. Six Unkown Agents*, supra.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to entertain claims arising under state law. Plaintiff's state law claims of negligence, malicious prosecution, and intentional and negligent infliction of emotional distress are included.

2.       Venue is properly established in this judicial district pursuant to 28 U.S.C. Section 1391 as the events giving rise to the claims occurred in this judicial district.

### PARTIES

3.       Plaintiff Leon Bailey was at all times material herein a resident of Seattle, King County, Washington.

4.       Defendant John Robinson Jr. (hereinafter "Defendant Robinson"), on information and belief, was at all times material hereto a resident of King County, Washington, and working as a contract security guard at the Social Security Administration office at 675 S. Lane St., Seattle, Washington.  Defendant Robinson was an employee of Defendant Securitas Security Services USA Inc. and/or Defendant Paragon Systems Inc., and was an agent with authority to act under color of law.  Defendant Robinson is being sued in his individual capacity.

5.       Defendant Securitas Security Services USA, Inc. (hereinafter "Defendant Securitas"), on information and belief, was a Delaware corporation, authorized to do business in the State of Washington.  Defendant Securitas had a contract with the United States of America to provide security services to federal facilities, including the Social Security Administration office at 675 S. Lane St., Seattle, Washington.   All acts and/or omissions of Defendant Securitas's employees were performed within the course and scope of their employment with Defendant Securitas, and were performed for the benefit of Defendant Securitas.

COMPLAINT FOR DAMAGES - 2

**PREMIER LAW GROUP** PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington 98121
(206) 285-1743 / Fax: (206) 599-6316

1        6.     Defendant Paragon Systems, Inc. (hereinafter "Defendant Paragon"), on

2  information and belief, was an Alabama corporation, authorized to do business in the State of

3  Washington. Defendant Paragon had a contract with the United States of America to provide

4  security services to federal facilities, including the Social Security Administration office at 675

5  S. Lane St., Seattle, Washington. All acts and/or omissions of Defendant Paragon's employees

6  were performed within the course and scope of their employment with Defendant Paragon, and

7  were performed for the benefit of Defendant Paragon.

8        7.     Defendant Terry Holzhausen (hereinafter "Defendant Holzhausen"), on

9  information and belief, was at all times material hereto a resident of King County, Washington,

10  and working as an officer for Federal Protective Services, a division of Department of Homeland

11  Security. Defendant Holzhausen is being sued in his individual capacity as a federal agent acting

12  under color of federal authority.

13        8.     Defendant R. Moyer (hereinafter "Defendant Moyer"), on information and belief,

14  was at all times material hereto a resident of King County, Washington, and working as an

15  officer for Federal Protective Services, a division of Department of Homeland Security.

16  Defendant Moyer is being sued in his individual capacity as a federal agent acting under color of

17  federal authority.

18        9.     Defendant O. Mefford (hereinafter "Defendant Mefford"), on information and

19  belief, was at all times material hereto a resident of King County, Washington, and working as

20  an officer for Federal Protective Services, a division of Department of Homeland Security.

21  Defendant Mefford is being sued in his individual capacity as a federal agent acting under color

22  of federal authority.

23

COMPLAINT FOR DAMAGES - 3

PREMIER LAW GROUP PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington 98121
(206) 285-1743 / Fax: (206) 599-6316

**FACTS**

10.     On or about August 31, 2005, Plaintiff went to the Social Security Administration office located at 675 S. Lane Street in Seattle, Washington.

11.     As Plaintiff waited for his number to be called, Plaintiff began clipping his fingernails.  As Plaintiff was clipping his nails, Defendant Robinson, a contract security officer, ordered Plaintiff not to cut his fingernails.  Plaintiff put away his clippers and began pushing his cuticles back when Defendant Robinson got in Plaintiff's face and yelled, "I told you not to do that, now get out."

12.     Plaintiff attempted to explain that he needed to get his social security paperwork taken care of, but Defendant Robinson demanded that he leave the office.

13.     Not wanting trouble, Plaintiff expressed his displeasure with Defendant Robinson and then began to leave the social security office.

14.     As Plaintiff began to leave, Defendant Robinson told Plaintiff that he was going to arrest Plaintiff.  Plaintiff left the office and got in the elevator, but Defendant Robinson prevented the elevator doors from closing.

15.     Plaintiff got out of the elevator and took the building stairs and got out of the building as Defendant Robinson continued to follow him outside.

16.     Defendant Robinson attempted to grab Plaintiff, but Plaintiff avoided Defendant Robinson's attempt and continued to walk towards the street.

17.     As Plaintiff began walking down the street, a vehicle approached Plaintiff.  Based upon information and belief, three men jumped out of the vehicle.  The three men are believed to be Defendants Holzhausen, Moyer, and Mefford.

COMPLAINT FOR DAMAGES - 4

18.     Defendants Holzhausen, Moyer, and/or Mefford confronted Plaintiff, but Plaintiff continued to walk down the street.  Defendants Holzhausen, Moyer, and/or Mefford, therefore, used unreasonable force, striking Plaintiff several times in the legs and hand with a retractable baton.

19.     Plaintiff was taken down to the ground and handcuffed.  Plaintiff was then taken to the hospital by the Seattle Fire Department where it was determined that Defendants Holzhausen, Moyer, and/or Mefford fractured Plaintiff's right hand.  Defendants Holzhausen, Moyer, and/or Mefford issued Plaintiff with four citations and then released into the custody of the medical staff of the hospital.

20.     The citations against Plaintiff were dismissed by the federal prosecutor.

## CLAIMS

21.     Plaintiff incorporates paragraphs 1 through 20 as if fully set forth herein.

### Count I – Bivens Claim

22.     The acts and/or omissions of Defendants as described above were violations of Plaintiff's First, Fourth, and Fourteenth Amendment rights.

23.     As a proximate result of Defendants' violations, Plaintiff has sustained economic and non-economic damages to be proven at trial, including but not limited to, physical and mental pain and suffering, emotional distress, loss of liberty, loss of personal freedom, deprivation of civil rights, embarrassment and humiliation, and other damages.

### Count II – Negligence Claim

24.     The acts and/or omissions of Defendant Robinson constitute negligence. Defendant Securitas and/or Paragon are liable under the doctrine of respondeat superior.

COMPLAINT FOR DAMAGES - 5

PREMIER LAW GROUP PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington  98121
(206) 285-1743 / Fax: (206) 599-6316

25.     As a proximate result of Defendant Robinson's negligence, Plaintiff has sustained economic and non-economic damages to be proven at trial, including but not limited to, physical and mental pain and suffering, emotional distress, loss of liberty, loss of personal freedom, deprivation of civil rights, embarrassment and humiliation, and other damages.

### Count III – Negligent Hiring, Supervision, and/or Training Claim

26.     Defendants Securitas's and/or Paragon's actions and/or omissions constitute negligent hiring, supervision, and/or training.

27.     As a proximate result of Defendants Securitas's and/or Paragon's violations, Plaintiff has sustained economic and non-economic damages to be proven at trial, including but not limited to, physical and mental pain and suffering, emotional distress, loss of liberty, loss of personal freedom, deprivation of civil rights, embarrassment and humiliation, and other damages.

### Count IV – Malicious Prosecution Claim

28.     The acts and/or omissions Defendant Robinson constitute malicious prosecution.

29.     As a proximate result of Defendant Robinson's conduct, Plaintiff has sustained economic and non-economic damages to be proven at trial, including but not limited to, physical and mental pain and suffering, emotional distress, loss of liberty, loss of personal freedom, deprivation of civil rights, embarrassment and humiliation, and other damages.

### RELIEF REQUESTED

WHEREFORE Plaintiff requests that this Court:

1.     Award to Plaintiff compensatory damages in an amount to be proven at trial, jointly and severally against Defendants for the matters alleged in this Complaint;

PREMIER LAW GROUP PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington 98121
(206) 285-1743 / Fax: (206) 599-6316

1       2.     Award to Plaintiff punitive damages in an amount to be determined at trial against

2  all Defendants;

3       3.     For declaratory relief adjudicating that Defendants' violated Plaintiff's statutory

4  and constitutional rights;

5       4.     Award to Plaintiff reasonable costs and attorneys' fees as permitted by law; and

6       5.     Grant such other and further relief as this Court deems just and proper;

7       DATED this 2nd day of July, 2008.

PREMIER LAW GROUP, PLLC

/s/   Patrick J. Kang

**Patrick J. Kang,** WSBA #30726
Of Counsel for Plaintiff

**PREMIER LAW GROUP** PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington 98121
(206) 285-1743 / Fax: (206) 599-6316