UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
LEON BAILEY,                            )
                                        )
                    Plaintiff,          )   No. C08-1020RSL
                                        )
            v.                          )   ORDER GRANTING IN PART
                                        )   MOTION FOR SUMMARY
JOHN ROBINSON JR., *et al.*,            )   JUDGMENT
                                        )
                    Defendants.         )
_____)

This matter comes before the Court on a "Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 56" filed by defendants Terry Holzhausen, Robert Moyer, and Odie Mefford. Dkt. # 25. Plaintiff claims that defendants violated his First, Fourth, and Fourteenth Amendment rights when they responded to a request for assistance at a Social Security Administration office. Because defendants are federal agents, plaintiff's constitutional claims are evaluated under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), rather than 42 U.S.C. §§ 1983 and 1988.

**A. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    **1. First Amendment Claim**

Defendants argue that plaintiff's First Amendment claim should be dismissed under Fed. R. Civ. P. 12(b)(6) because the allegations of the complaint do not support the claim. In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). When

determining whether the allegations contained therein state a claim upon which relief can be granted, the allegations are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). No claim should be dismissed unless the complaint, taken as a whole, fails to give rise to a plausible inference of actionable conduct. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

Plaintiff alleges that he "expressed his displeasure with Defendant Robinson" and was subsequently issued a citation. Complaint at ¶¶ 13 and 19. Plaintiff asserts a First Amendment violation based on these allegations. Complaint at ¶ 22. Defendants do not acknowledge plaintiff's allegations, incorrectly asserting that "[t]here is no reference to speech in the entire complaint." Reply at 3. See also Motion at 7. Absent some guidance from defendants, the Court cannot conclude that plaintiff has failed to "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests" (Williams v. Boeing Co., 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002))) or that plaintiff is unable to prove a set of facts that would entitle him to relief on his First Amendment claim.

### 2. Fourteenth Amendment Claim

Defendants argue that the Fourteenth Amendment applies only to state actors, not federal agents such as defendants. Plaintiff does not oppose defendants' motion to dismiss on this ground. Plaintiff's Fourteenth Amendment claim is, therefore, DISMISSED.

### B. SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion"

(Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

**1. Fourth Amendment Probable Cause Claim**

Defendants did not address plaintiff's lack of probable cause claim in their motion, instead focusing solely on the excessive force prong of the Fourth Amendment. In his opposition, plaintiff asserts both a lack of probable cause and an excessive force claim. Plaintiff argues that, at the time defendants seized him on the street, they did not have probable cause to believe that he had committed a crime because they did not independently investigate the report made by the security guard at the Social Security Administration. In reply, defendants avoid the issue of whether they had probable cause to arrest plaintiff by arguing that the initial interaction was investigatory and therefore permissible under Terry v. Ohio, 392 U.S. 1 (1968). Because this argument was first raised in reply, plaintiff had no opportunity to respond. The issue is not ripe for consideration: to the extent defendants seek judgment on plaintiff's probable cause claim, their motion must be denied.

## 2. Fourth Amendment Excessive Force Claim

Defendants claim qualified immunity from civil damages associated with their use of force against plaintiff. Plaintiff therefore has the burden of showing that defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The first issue the Court must decide when considering claims of excessive force or qualified immunity is whether plaintiff has raised a genuine issue of material fact as to the deprivation of a federally protected statutory or constitutional right. Conn v. Gabbert, 526 U.S. 286, 290 (1999).[1]

Taking the evidence in the light most favorable to plaintiff, plaintiff had a relatively minor disagreement with a security guard regarding the propriety of manicuring his fingernails in a Social Security Administration office. After plaintiff left the building, two men, whom he assumed to be security guards, approached from different directions with guns drawn.

---

[1] In Saucier v. Katz, 533 U.S. 194, 201 (2001), the Supreme Court established a two-step process for considering claims of qualified immunity: the trial court must first determine whether defendant's conduct violated a constitutional right before determining whether the constitutional right was clearly established at the time of plaintiff's injury. The sequential analysis was designed to prevent constitutional law from stagnating. If courts regularly avoided determining the constitutionality of particular actions because existing case law did not clearly establish the wrongfulness of those acts, individual rights would be frozen in time. Each reviewing court would simply determine whether or not the challenged conduct had been found unconstitutional in the past. By first evaluating the constitutional claim on its merits, the contours of our constitutional rights can be developed even if the defendant in a particular case is immune from suit because the right found to have been violated was not clearly established. If similar conduct should occur in the future, the earlier finding that the conduct implicated a constitutional right would ensure that the later defendant would be held responsible and would not be entitled to qualified immunity.

In a recent opinion, the Supreme Court authorized district courts to exercise their sound discretion when deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of a particular case. Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808, 821-22 (2009). The Supreme Court recognized that lower courts are in the best position to determine whether considerations of judicial economy, the procedural posture of the case, and/or the doctrine of constitutional avoidance justify a departure from the normal two-step analysis of constitutional claims. In this case, the Court concludes that the Saucier analysis, although no longer required, is appropriate.

Plaintiff asserts that defendants did not have probable cause to believe plaintiff had committed a crime, and defendants do not contest this point. According to plaintiff, he ignored an order to stop from the man on his left, but complied with subsequent orders when he realized that the second officer was blocking his path. Plaintiff kept his hands down at his sides: he was carrying his shoes in one hand and a water bottle in the other. The officer in front of plaintiff put away his gun, pulled out a baton, and struck plaintiff several times in the leg. Plaintiff did not fight back, but tried to shield his leg, resulting in a baton strike to his hand. Plaintiff fell to the ground, at which point the other defendants jumped on him, pushed his face into the ground, and handcuffed him. Plaintiff was transported to the hospital for medical attention.[2]

Plaintiff alleges that defendants used excessive force in violation of the Fourth Amendment when they drew their guns on him and beat him with a baton. Claims of excessive force are measured under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). When determining whether a particular application of force was excessive, the Court considers the circumstances in which the police officer was forced to act, including the severity of the crime at issue, the threat posed by the suspect to the officers or the public, and the suspect's attempts to resist or flee. Graham, 490

---

[2] Defendants' version of the events giving rise to this action is very different. Relying on their incident reports and declarations, defendants allege that plaintiff was aggressive and threatening throughout their encounter, that he was non-compliant, and that the three officers had to work together to bring him to the ground. Defendants ask that the Court reject plaintiff's declaration because it is self-serving, uncorroborated, and "so undermined as to be incredible." Reply at 2 (quoting Johnson v. Wash. Metro Area Transit Auth., 883 F.2d 125, 128 (D.C. Cir. 1989)). Because discovery has not yet begun, the record consists almost entirely of the self-serving statements of the parties. This, standing alone, cannot justify the exclusion of one side's declaration and the adoption of the other. Declarations will often be self-serving – "otherwise there would be no point in [a party] submitting [them]." U.S. v. Shumway, 199 F.3d 1093, 1104 (9th Cir. 1999). Unless a declaration states only conclusions or facts not within the personal knowledge of the declarant, the self-serving nature of an affidavit goes to its credibility, not to its admissibility. SEC v. Phan, 500 F.3d 895, 909 (9th Cir. 2007). See also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054 (9th Cir. 2002) (declaration provided no indication that the declarant knew her uncorroborated factual assertions were true and was therefore disregarded). The Court will not make credibility judgments in the context of a Rule 56 motion.

ORDER GRANTING IN PART
MOTION FOR SUMMARY JUDGMENT        -5-

U.S. at 396.  If the jury were to believe plaintiff's statement of the facts, it could reasonably find that pointing a gun (or in this case, two guns) at a person suspected of disorderly conduct and forcibly taking him to the ground after he had complied with the officers' orders was unreasonable and excessive given the totality of the circumstances.  See Tekle v. U.S., 511 F.3d 839, 845-48 (9th Cir. 2007) (collecting cases in which pointing a gun at someone was found to constitute excessive force even though no physical injury occurred); LaLonde v. County of Riverside, 204 F.3d 947, 961 (9th Cir. 2000) (use of force against a suspect who is compliant and under the officer's control is excessive).  Plaintiff has therefore raised a genuine issue of material fact regarding his excessive force claim.

Whether defendants are entitled to qualified immunity on this claim depends on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Saucier, 533 U.S. at 202.  It is not necessary that the exact conduct alleged in this case "have previously been held unconstitutional, as long as the unlawfulness was apparent in light of existing law."  Drummond v. City of Anaheim, 343 F.3d 1052, 1060-61 (9th Cir. 2003).  Immunity is appropriate where the officer has a mistaken, but reasonable, belief that the law would permit the level of force he is using in the circumstances.  Id. at 205.  Assuming, as the Court must, that plaintiff's version of what happened is true, the question is whether defendants should have known that pointing their guns at a non-threatening individual who met the description of a disorderly conduct suspect and using additional force after he had fully complied with their directions was unlawful.  A reasonable officer would have known that drawn guns are generally not a proper means by which to conduct a Terry stop and that he had no justification for more intrusive tactics.  See U.S. v. Miles, 247 F.3d 1009, 1012 (9th Cir. 2001) ("Under ordinary circumstances, drawing weapons and using handcuffs are not part of a Terry stop."); U.S. v. Alvarez, 899 F.2d 833, 838 (9th Cir. 1990) (identifying circumstances in which more intrusive and aggressive tactics are justified).  The same officer would also know

that virtually any use of force against a compliant, non-resisting suspect is excessive. The Court cannot, therefore, grant summary judgment in favor of defendants on plaintiff's excessive force claim.

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED in part. Plaintiff's Fourteenth Amendment claim is DISMISSED. The remainder of defendants' motion for summary judgment is DENIED without prejudice.

Dated this 12th day of March, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge