UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
LEON BAILEY,                        )
                                    )
                 Plaintiff,         )   No. C08-1020RSL
                                    )
       v.                           )   ORDER DISMISSING CERTAIN
                                    )   CLAIMS AGAINST DEFENDANTS
JOHN ROBINSON JR., *et al.*,        )   SECURITAS SECURITY SERVICES
                                    )   USA, INC., AND JOHN ROBINSON
                 Defendants.        )
_____)

This matter comes before the Court on "Defendants Securitas Security Services USA, Inc. and John Robinson's Partial Motion to Dismiss Pursuant to Rules 56 and 12(c)." Dkt. # 45. Plaintiff claims that defendant Robinson and his employer violated his constitutional rights, instituted a malicious prosecution, and violated 42 U.S.C. § 1983 and § 1988 when Robinson accused plaintiff of disorderly conduct on federal property. Defendants argue that plaintiff's constitutional claims must fail, whether asserted under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), or § 1983, because defendant Robinson is a private security guard and not a state or federal actor. Motion at 8 and 10. Defendants seek dismissal of the malicious prosecution claim on the ground that Robinson did not have the authority to bring criminal or civil charges against plaintiff and therefore could not have "instituted" the prosecution. Motion at 8-9.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).[1]

## A. BIVENS CLAIM

In Bivens v. Six Unknown Agents, 403 U.S. 388, 389 (1971), the Supreme Court held that "violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages." The question raised by this motion is whether defendants are "federal agents" for purposes of Bivens liability. Defendants maintain that a Bivens remedy is unavailable because they are private entities, namely a private security

---

[1] Defendants seek dismissal of plaintiff's § 1983 claim under Rule 12(c), but do not actually challenge the adequacy of the allegations contained in the complaint. The Court has therefore considered their request to dismiss the Civil Rights Act claims under Rule 56.

ORDER DISMISSING CERTAIN CLAIMS
AGAINST DEFENDANTS SECURITAS
SECURITY SERVICES USA, INC. AND
JOHN ROBINSON                -2-

company and its employee.

It is beyond dispute that defendant Securitas cannot be liable under Bivens. The Supreme Court has declined to extend Bivens to permit suit against the employer of a federal actor, noting that the purpose of the doctrine is to deter unconstitutional conduct on the part of an individual wrongdoer, not the agency that employs him. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994). Because "the threat of suit against an individual's employer was not the kind of deterrence contemplated by Bivens . . . , inferring a constitutional tort remedy against a private entity like [Securitas] is . . . foreclosed." Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70-71 (2001). In light of this authority, plaintiff does not object to the dismissal of his Bivens claim against defendant Securitas. Opposition at 17.

The Supreme Court has not yet determined whether a security guard employed by a private company to monitor federal property is a "federal agent" subject to liability under Bivens. Dicta in Malesko suggests that such a claim is viable. After explaining why the security company was not amenable to suit, the Court noted that plaintiff's "only remedy lies against the individual" employee who allegedly violated his constitutional rights. 534 U.S. at 72. That is precisely the claim plaintiff asserts in this case. The Ninth Circuit has determined that the "private status of the defendant will not serve to defeat a Bivens claim, provided that the defendant engaged in federal action." Schowengerdt v. Gen. Dynamics Corp., 823 F.2d 1328, 1337-38 (9th Cir. 1987). See also Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1104 (9th Cir. 2004) (noting that suit against the individual employees of Corrections Corporation had to be brought as a Bivens action). Thus, the strict private versus public dichotomy urged by defendants is not supported by the governing case law.[2] Despite the fact that defendant Robinson was employed by a private

---

[2] Given the law of this Circuit and the differing fact patterns, the Fourth Circuit's decision in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006), does not control the outcome of this case. The Fourth

ORDER DISMISSING CERTAIN CLAIMS
AGAINST DEFENDANTS SECURITAS
SECURITY SERVICES USA, INC. AND
JOHN ROBINSON                -3-

security company rather than directly by the United States or an agency thereof, he may still be liable under <u>Bivens</u> if he were "a federal agent acting under color of his authority." <u>Bivens</u>, 403 U.S. at 389. <u>See</u> <u>also</u> <u>Boney v. Valline</u>, 597 F. Supp.2d 1167, 1172 (D. Nev. 2009) ("In other words, <u>Bivens</u> liability may be applicable to constitutional violations committed by private individuals, but only if they act 'under color of federal law,' or are 'federal actors.'").

Defendants have failed to show the absence of a genuine issue of material fact regarding defendant Robinson's status. They state only that Securitas had a contract with the United States to provide security officers for government property and that defendant Robinson was assigned to the Social Security building pursuant to that contract. Motion at 2. In his declaration, defendant Robinson refers to "post orders" that prompted his conduct in this case. From these bare facts, defendants conclude that Robinson was not a federal actor. Motion at 8.

There are a number of tests for determining whether defendant is a federal agent acting under color of federal law, including whether his conduct was "fairly attributable" to the government, whether defendant exercised powers traditionally considered a "public function," whether defendant acted under "federal compulsion," and whether the conduct arose from a private-public nexus or "joint action." Defendants make only passing reference to these tests in a long string of citations. Reply at 3. They simply assert that defendant Robinson is not a federal actor, apparently because he did not "jointly participate with the federal officers in carrying out plaintiff's detention on the street." Reply at 4. This interpretation of "joint action" is unjustifiably narrow, and defendants make no effort to address any of the other applicable tests

---

Circuit applied the "public function" test to determine whether the warden and physician at a privately-operated prison were federal actors. Because defendant Robinson was providing security services at a federally-operated facility, the cases on which the Fourth Circuit relied are distinguishable. <u>Holly</u>, 434 F.3d at 293-94 (acknowledging that private parties providing services at or for state-run facilities may satisfy the "public function" test).

ORDER DISMISSING CERTAIN CLAIMS
AGAINST DEFENDANTS SECURITAS
SECURITY SERVICES USA, INC. AND
JOHN ROBINSON             -4-

for federal action. Nor have they supplied a copy of their contract with the United States or the post orders that governed Robinson's conduct. As the record currently stands, it is impossible for the Court to determine the level of connectedness between the conduct of which plaintiff complains and the federal government. Defendants' motion to dismiss the Bivens claim against defendant Robinson is, therefore, DENIED.[3]

B. **MALICIOUS PROSECUTION**

After setting forth the five elements of a malicious prosecution claim,[4] defendants argue that plaintiff cannot establish any of the elements because Robinson is a private individual:

> Robinson, as a private security guard, does not have the authority to bring criminal or civil charges against plaintiff. And, as a matter of fact, Robinson did not bring such claims. As a security guard, Robinson could only detain an individual. Only the government has the authority to decide if and when to file charges, *not* a private individual. The only individuals who filed any charges against plaintiff were the federal officers. Indeed, plaintiff alleges in his compliant that "[d]efendants Holzhausen, Moyer, and/or Mefford issued Plaintiff with four citations and then released [him] into the custody of the medical staff of the hospital." (Compl., ¶ 19.) Therefore, because Robinson *did not* and *could not* prosecute the plaintiff, the malicious prosecution claim should be dismissed as a matter of law.

Motion at 9 (emphasis in original). In response, plaintiff challenges defendants' narrow view of malicious prosecution, pointing out that private witnesses who provide false statements to the

---

[3] Defendants argue in reply that the Court should not imply a constitutional tort remedy under Bivens because plaintiff already has an adequate state remedy. Reply at 5. Because this argument was raised for the first time after plaintiff responded to the motion, plaintiff was deprived of his opportunity to respond. The Court has not, therefore, considered this alternative – and untimely – argument.

[4] To maintain an action for malicious prosecution, plaintiff must show that (1) the prosecution was instituted or continued by defendant, (2) there was want of probable cause for the institution or continuation of the prosecution, (3) the proceedings were instituted or continued through malice, (4) the proceedings were terminated on the merits in favor of plaintiff or were abandoned, and (5) plaintiff suffered injury or damages as a result of the prosecution. Hanson v. City of Snohomish, 121 Wn.2d 552, 558 (1993).

ORDER DISMISSING CERTAIN CLAIMS
AGAINST DEFENDANTS SECURITAS
SECURITY SERVICES USA, INC. AND
JOHN ROBINSON                    -5-

police have been liable for initiating or "instituting" the prosecution that flows from those statements. See Odom v. Williams, 74 Wn.2d 714 (1968) (private individual who signed a criminal complaint on which the police acted "instituted" the prosecution). Once again, defendants' reliance on their status as private entities is misplaced.

In reply, defendants take issue with plaintiff's ability to establish the fifth element of a malicious prosecution claim, arguing that plaintiff has not suffered injury or damages as a result of the prosecution. Reply at 6. This argument was untimely raised and is rejected on that ground. In addition, defendants rely on a line of cases in which the plaintiff was challenging defendant's motivation for prosecuting an earlier *civil* suit. In order to keep the courts "open to all who seek remedies for injuries sustained" and to avoid "unnecessary restraint and fear of disastrous results in some succeeding litigation," the courts of Washington require a person alleging that a civil suit was maliciously prosecuted to show interference with their person or property by a provisional remedy (such as an arrest, injunction, or garnishment) and special injury (*i.e.*, injury that is not a necessary result of the underlying civil action). Petrich v. McDonald, 44 Wn.2d 211, 217 (1954). When developing this "strict rule," the Supreme Court expressly considered only those malicious prosecution claims that were based on prior civil actions, ignoring the vast majority of cases – like this one – that involve police action. Petrich, 44 Wn.2d at 218-19. Defendants have not identified, and the Court has not found, any case in which the arrest-plus-special-injury requirement was applied in the criminal context. In fact, a more liberal rule seems to apply where a witness' allegedly false statement has prompted the police to act against plaintiff. See Turngren v. King County, 104 Wn.2d 293 (1985) (malicious prosecution claim allowed to proceed where plaintiffs were forced to stand in their yard at gunpoint while their house was being searched – no arrest was made or charges brought). Having reviewed the existing record, the Court finds that there is a genuine issue of material fact

ORDER DISMISSING CERTAIN CLAIMS
AGAINST DEFENDANTS SECURITAS
SECURITY SERVICES USA, INC. AND
JOHN ROBINSON                -6-

regarding whether being held at gunpoint, beaten with a baton, and cited would qualify as "injury" for purposes of the fifth element of the malicious prosecution claim.

**C. SECTION 1983 AND SECTION 1988 CLAIMS**

Defendants seek dismissal of plaintiff's Civil Rights Act claims on the ground that they are not agents or instrumentalities of the state and cannot, therefore, be held liable under § 1983 or § 1988. Plaintiff requests a continuance so that he may conduct discovery and determine whether defendants are state actors.

Plaintiff provides no evidence (and only the vaguest allegations) in support of his Civil Rights Act claims. The facts alleged in the Complaint suggest that defendants' authority to interact with plaintiff arose under color of federal, not state, law. As alleged by plaintiff, Securitas and its employees provided security services for a federal building pursuant to a contract with the United States of America: no state entity or authority is implicated. Nevertheless, plaintiff seeks a continuance under Fed. R. Civ. P. 56(f). Pursuant to that rule, the Court may continue a pending summary judgment motion if "it appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." The party requesting a continuance "must make clear what information is sought and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).

Plaintiff is not entitled to a continuance of defendants' summary judgment motion. The general assertion that plaintiff needs to conduct discovery regarding whether defendants were state actors is nothing more than an assertion that he needs to investigate his claims. It provides only the broadest indication of the type of information sought: no deponents are identified and plaintiff makes no attempt to identify "specific facts that further discovery would reveal." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). Given that the known

ORDER DISMISSING CERTAIN CLAIMS
AGAINST DEFENDANTS SECURITAS
SECURITY SERVICES USA, INC. AND
JOHN ROBINSON                    -7-

facts strongly suggest that a § 1983 claim is not viable, it is incumbent on plaintiff to enunciate a reasonable theory regarding how discovery could avoid summary judgment. Plaintiff's bald request for a continuance under Rule 56(f) is DENIED, and defendants' motion for summary judgment on the Civil Rights Act claims is GRANTED.

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED in part. Plaintiff's <u>Bivens</u> claim against Securitas Security Services USA, Inc. and his § 1983 and § 1988 claims against defendants Securitas and Robinson are DISMISSED. The remainder of defendants' motion for summary judgment is DENIED without prejudice.

Dated this 15th day of April, 2009.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING CERTAIN CLAIMS
AGAINST DEFENDANTS SECURITAS
SECURITY SERVICES USA, INC. AND
JOHN ROBINSON -8-